## Case No. 14,415.
### UNITED STATES v. ABBOTT.
[Cited in Johnson v. Chapman, Case No. 7,378. Nowhere reported; opinion not now accessible.]

## Case No. 14,416.
### UNITED STATES v. ABBOTT.
[9 Int. Rev. Rec. 186.]
Circuit Court, D. Massachusetts. 1869.

PENAL ACTION—INTERNAL REVENUE—FAILURE TO AFFIX STAMP.

A party sold a box of sardines without affixing thereto an appropriate revenue stamp, and was indicted to recover the penalty thereby incurred. Defendant demurred. *Held*, that the indictment would lie as a proper proceeding under the provisions of Act July 13, 1866, § 9 (14 Stat. 145); Dept. Compilation, § 165, p. 121; Id. § 169, p. 124.

[This was a prosecution by the United States against James E. Abbott for a penalty for the omission to affix a proper revenue stamp to a package sold by defendant. Heard on demurrer to the indictment.]

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Divested of all mere formal allegations, the indictment in this case charges against the defendant that he, at Boston, in this district, on the third day of September, 1868, did unlawfully and knowingly sell to the person therein named, a certain box containing sardines, not exceeding two pounds in weight, without affixing to the same an adhesive stamp or label denoting the tax or duty imposed thereon by law. 13 Stat. 296; 14 Stat. 145. When set at the bar to be arraigned, the defendant demurred to the indictment, and the district attorney joined in the demurrer. Views of the defendant are that the penalty prescribed for the omission to affix a stamp to the package sold as alleged, cannot be recovered by in-

dictment, and the demurrer was filed to raise that question. Single packages of that character which do not exceed two pounds in weight are by law subject to a tax or duty of one cent, and the requirement of the act of congress is that a stamp or label denoting the tax or duty shall be affixed to the package before the same is sold or removed, either for consumption or sale. 14 Stat. 145. Packages, such as the one described in the indictment, are included in that requirement, and the provision is that if any person, &c., shall make, prepare and sell or remove for consumption or sale, any such package as is therein enumerated and mentioned, without affixing thereto an adhesive stamp or label denoting the tax or duty imposed upon the same by law, he shall incur a penalty ·of fifty dollars for every omission to affix such stamp. 14 Stat. 144, 145.

Federal courts have no jurisdiction of any crime or offence, except that of treason, which is defined in the constitution, and such as are defined in some act of congress, as the United States have no unwritten criminal code to which resort can be had as a source of·jurisdiction in such cases. U. S. v. Hudson, 7 Cranch [11 U. S.] 32; U. S. v. Coolidge, 1 Wheat. [14 U. S.] 415; U. S. v. Beavans, 3 Wheat. [16 U. S.] 336; U. S. v. Wiltberger, 5 Wheat. [18 U. S.] 76; Conk. Prac. 165. Power to try and punish an offender does not exist in a federal court, unless the defence is defined as before explained, nor unless the punishment is prescribed by an act of congress. No such difficulty, however, arises in this case, as the provision already referred to shows that the offence as charged, is clearly defined in the act of congress, and that the punishment annexed to it is a penalty of fifty dollars. Exclusive original cognizance of seizures under laws of impost, navigation or trade, whether made on water or on land, was conferred upon the district courts by the ninth section of the judiciary act, and also of all suits for penalties and forfeitures incurred under the laws of the United States. 1 Stat. 77. But the provision applicable to this case is that all fines, penalties and forfeitures, which may be imposed or incurred (under that act), shall, and may be sued for and recovered, where not otherwise provided, in the name of the United States, in any proper form of action or by any appropriate form of proceeding, before any circuit or district court of the United States for the district within which said fine, penalty or forfeiture may have been incurred, &c. 14 Stat. 145; 13 Stat. 305. Evidently the phrase "by any appropriate form of proceeding." was intended to be more comprehensive than the phrase "in any proper form of action," which precedes it, and it is difficult to see what other procedure than indictment could be meant, as informations in revenue cases are exclusively cognizable in the district courts, except on appeal or writ of error.

Examined in any point of view it is quite clear that the decision as to the construction of the eighty-ninth section of the act of the second of March, 1799, does not control the case before the court. 1 Stat. 695, 697; 3 Stat. 782;· U. S. v. Andrews [Case No. 14,453], Cir. Ct., Maine Dist., Sept. Term, 1868. Material provision of that section is, that all penalties accruing by any breach of the act, shall be sued for and recovered with costs of suit, in the name of the United States, in any court competent to try the same, and that the trial of any fact which may be put in issue, shall be within the judicial district in which any such penalty shall have been incurred. Penalties and forfeitures incurred by force of the act of the third of March, 1823, are required to be sued for, recovered, distributed and accounted for in the manner prescribed in the act next before referred to, and this court held that such penalties and forfeitures could not be recovered by indictment; but it is obvious that that decision has no just application to this case. Different remedies are often given to recover the same penalty, but the general rule is that when a statute prohibits a matter of public grievance, or commands a matter of public convenience, and no special mode is expressly or impliedly directed, it may be prosecuted by indictment. Colburn v. Swett, 1 Metc. [Mass.] 235. When a statute, says Bacon, commands or prohibits a matter of public concern, the person guilty of disobedience to the statute, besides being answerable to the party injured, is likewise liable to be indicted for the disobedience. ·9 Bac. Abr. 259, per Bouv.; 5 Bac. Abr. 56. Where a statute, says Chitty, prohibits an act to be done under a certain penalty, though no mention is made of indictment, the party offending may be indicted and fined for the amount of the penalty, which is the precise case under consideration. 1 Chit. Cr. Law, 163. Authorities to the same effect are numerous, but they all agree that where a statute creates an offence, and points out a particular remedy, that the mode pointed out in the statute must be observed. 1 Chit. Cr. Law, 163; U. S. v. Mann [Case No. 15,717]; U. S. v. Simms, 1 Cranch [5 U. S.] 252. The rule at common law was that if a statute prohibited a matter of public grievance or commanded a matter of public convenience, all violations of the prohibition or commands of the statute were at least misdemeanors, and as such were punishable by indictment, unless the statute specified some other mode of proceeding. 1 Am. Cr. S. § 10; 2 Hawk, P. C. c. 25, § 4; Rex v. Davis, Leach, 273; Rex v. Sainsbury, 4 Term R. 451; State v. Fletcher, 5 N. H. 257; Rex v. Harris, 4 Term R. 202; Keller v. State, 11 Md. 525; People v. Bogart, 3 Park, Cr. R. 143; Wilson v. Com., 10 Serg. & R. 375. Application of that rule was not defeated at common law, because the statute did not in terms annex a penalty to the offence, but the rule can only be applied in the jurisprudence of the United States in cases where the offence is defined,

and the punishment is prescribed, in the acts of congress containing the prohibition or command, or in some other applicable to the same subject matter. Additional explanations to show that the offence is defined in the act of congress, and that the punishment is also prescribed, are unnecessary, and in our opinion there are no words in the provision to exclude a remedy by indictment. On the contrary it is our opinion that the phrase "by any appropriate form of proceeding" was intended to authorize a public prosecution by indictment. Demurrer overruled.